UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEVERDE & ASSOCIATES PC,<br><br>Plaintiff,<br><br>v.<br><br>HARPOON THERAPEUTICS, INC.,<br><br>Defendant. | Case No. 24-cv-08935-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Before the Court is Plaintiff Monteverde & Associates P.C.'s motion to remand this case to San Mateo Superior Court. ECF 13. Having considered the parties' papers and the arguments made therein, as well as the relevant legal authority, the Court finds that federal jurisdiction is not proper over this matter.

Because it invokes the Court's jurisdiction, Harpoon bears the burden of establishing that removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("A removing defendant bears the burden of establishing by a preponderance of the evidence that removal was proper.") Harpoon contends that the "state-law claim[s] necessarily state[] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Plaintiff's state-law claims, however, do not raise a substantial federal issue if the issue "is fact-bound and situation-specific . . . or raises only a hypothetical question unlikely to affect interpretations of federal law in the future." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 747 (9th Cir. 2022). Here, the federal questions raised by Plaintiff's state law claims include whether Harpoon had a legal duty under the Exchange Act, 15 U.S.C. §§ 78n(a), 78t(a), to

disclose any of the omitted information from the Original Proxy Statement in the first place, whether the Original Proxy Statement was misleading, and whether the Supplemental Disclosures were material. These questions are "fact-bound and situation-specific" because their resolution will necessarily involve examination of the particular disclosures and circumstances at issue in this case. Because Harpoon has not shown that the federal issues are substantial, this Court lacks subject matter jurisdiction, and this case must be remanded. 28 U.S.C. § 1447(c). Plaintiff's motion is therefore **GRANTED**. The Clerk of Court is directed to transmit the file in this matter back to the State Court. All pending deadlines and hearings scheduled before this Court are **VACATED**.

**IT IS SO ORDERED.**

Dated: June 2, 2025

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**